# United States Court of Appeals

## For the First Circuit

No. 06-2590

SEIR AMINABED CRUZ-CAMEY

Petitioner,

v.

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,

Selya and Cyr, Senior Circuit Judges.

Matthew S. Cameron, for petitioner.
Greg D. Mack, Senior Litigation Counsel, Office of Immigration
Litigation, U.S. Department of Justice, with whom Peter D. Keisler,
Assistant Attorney General, and Terri J. Scadron, Assistant
Director, were on brief for respondent.

September 11, 2007

**CYR, <u>Senior Circuit Judge</u>.** Seir Aminabed Cruz-Camey, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) vacating an immigration judge's (IJ's) decision to grant petitioner's application for cancellation of removal.

Cruz-Camey entered the United States in 1995, was granted asylum, and in 1996 became a lawful permanent resident. In March 2004, he was arrested for driving under the influence (DUI) and for possession of cocaine. Although these charges were continued without a finding, he was ordered to complete a substance abuse program during his one-year probationary sentence. Within the year, however, petitioner once again was arrested for DUI. As a result, the finding on the March 2004 charges was converted from "no finding" to "guilty," he received and served a thirty-day sentence, and his driver's license was revoked. In November 2005, petitioner was arrested a third time on DUI charges, whereupon he received a six-month sentence for his second DUI conviction, and twenty-four months for the third DUI conviction (with sixteen months suspended).

In March 2006, Cruz-Camey was placed in removal proceedings, based on his 2004 conviction for cocaine possession. See 8 U.S.C. § 1227(a)(2)(B)(i). Petitioner conceded removability, but applied for cancellation of removal on the ground that his substance abuse and arrests stemmed from a treatable and transitory

-2-

bout of depression. Following an evidentiary hearing, the IJ granted the petitioner's application for cancellation of removal, citing, inter alia, his acceptance of responsibility for the dangerousness of his criminal conduct, his close family ties and gainful employment in the United States, as well as his promises actively to continue substance-abuse rehabilitation. On appeal, however, the BIA vacated the grant of cancellation, finding no affirmative record evidence that Cruz-Camey either had undertaken or would undertake genuine efforts at rehabilitation, then ordered Cruz-Camey removed from the United States. In due course, Cruz-Camey petitioned for review of the BIA decision.[1]

Cruz-Camey has conceded removability under § 1227(a)(2)(B)(i). Pursuant to 8 U.S.C. § 1229b(a), the Secretary has the discretion to cancel removal, and absent any colorable constitutional issue or question of law, we lack jurisdiction to review the Secretary's exercise vel non of that discretion, see id. § 1252(a)(2)(B)(i), 1252(a)(2)(C); Elysee v. Gonzales, 437 F.3d 221, 223 (1st Cir. 2006). The Cruz-Camey petition for review raises no such colorable constitutional or legal issue,[2] but merely

---

[1]In November 2006, we denied a motion to stay petitioner's removal pending the outcome of this petition for review, citing our probable lack of appellate jurisdiction, and petitioner is no longer in the United States.

[2]In an effort to circumvent the jurisdictional bar, Cruz-Camey unsuccessfully attempts to recast his challenge to the BIA's discretionary judgment as a "due process" claim. That effort will not wash. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th

challenges the manner in which the BIA balanced the various positive and negative factors which typically inform the exercise of its discretion under § 1229b(a). Id. (noting that challenges to the BIA's balancing of the equities and other "cancellation" criteria cannot be reviewed under § 1252(a)(2)(B)(i)). We lack jurisdiction to reach the merits of this claim.

The petitioner presents but one legal argument: that the BIA acted ultra vires in not only vacating the IJ's cancellation of removal, but in also affirmatively ordering petitioner removed from the United States. Petitioner insists that only the IJ has the authority to enter such an order in the first instance, and that the BIA should have remanded the case to the IJ for further proceedings on the removability issue. That rationale has been adopted by but one circuit court. See Molina-Camacho v. Ashcroft, 393 F.3d 937, 940-41 (9th Cir. 2004). Almost simultaneously with the oral argument in the case at bar, however, an en banc panel of the Ninth Circuit expressly overruled Molina-Camacho. Lolong v. Gonzales, 484 F.3d 1173, 1177 (9th Cir. 2007) (en banc) (noting that an IJ's order cancelling removal implicitly includes a threshold determination that the petitioner is otherwise subject to removal, and a BIA reversal of cancellation simply reinstates the

Cir. 2005) (noting that "traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

-4-

IJ's implicit order of removability); see also Lazo v. Gonzales, 462 F.3d 53, 54-55 (2d Cir. 2006); Delgado-Reynua v. Gonzales, 450 F.3d 596, 600-01 (5th Cir. 2006). We find the unanimous reasoning of our sister circuits on this matter unimpeachable, and accordingly reject the Cruz-Camey ultra vires argument.

**The portion of the petition seeking review of the BIA's discretionary denial of cancellation of removal is dismissed for want of appellate jurisdiction, and the remainder of the petition is denied on the merits**.