

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# Johnson v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5141

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Johnson v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1532.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1532

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-5141

KEVIN DAINSWOOD JOHNSON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review from the Board of Immigration Appeals,
United States Department of Justice
BIA No. A38-744-659

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 14, 2008

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge*[*]

(Filed: February 25, 2008)

OPINION

SMITH, *Circuit Judge*.

Kevin Johnson, a native and citizen of Guyana, petitions this Court for review of a

_____

[*]The Honorable Gustave Diamond, Senior District Judge for the United States District
Court for the Western District of Pennsylvania, sitting by designation.

December 4, 2006 order of the Board of Immigration Appeals ("BIA"). The Attorney

General has moved to dismiss Johnson's petition on the ground that the BIA's order was

an exercise of discretion over which this Court lacks jurisdiction. For the reasons

provided below, we will grant the Attorney General's motion.

In an Order to Show Cause dated January 17, 1997, the former Immigration and

Naturalization Service ("INS") charged Johnson with being deportable as a result of his

conviction for possession of cocaine with intent to distribute within one thousand feet of

school property. Johnson conceded his deportability but sought a waiver pursuant to

former Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1182(c) (repealed 1996). The Immigration Judge ("IJ") found Johnson to be statutorily

ineligible for this relief and ordered his deportation to Guyana, and the BIA affirmed the

IJ's decision in an order dated January 29, 1998. On March 29, 2005, Johnson filed a

Motion to Reopen pursuant to *INS v. St. Cyr*, 533 U.S. 289, 320 (2001), and the

regulations implementing that decision, promulgated at 8 C.F.R. § 1212.3(g) (2004). The

BIA granted the motion and remanded the matter to the IJ.[1] This time, it was undisputed

that Johnson was statutorily eligible for a § 212(c) waiver, so the only issue before the IJ

was whether to exercise discretion to grant such relief.

On July 21, 2006, following a hearing, the IJ denied Johnson's request for a

---

[1] Johnson had filed a Petition for Writ of Habeas Corpus with the U.S. District Court for the District of New Jersey on November 14, 2000. He voluntarily dismissed the habeas petition after the BIA granted his Petition to Reopen.

waiver. The IJ concluded that Johnson had not shown "unusual or outstanding equities" and therefore had not met the threshold standard for discretionary relief. *Cf. Matter of Buscemi*, 19 I. & N. Dec. 628, 633–34 (BIA 1988) (explaining that aliens convicted of serious offenses may be required to show unusual or outstanding equities to satisfy the "threshold test for having a favorable exercise of discretion considered in his case"). Johnson appealed the IJ's discretionary denial of a waiver to the BIA. On December 4, 2006, the BIA dismissed Johnson's appeal on grounds slightly different from those that the IJ had identified. The BIA rejected the IJ's conclusion that Johnson had failed to show "unusual or outstanding equities," but it nonetheless denied the waiver after concluding that, although "unusual or outstanding equities" were present, the balance of equities still weighed against Johnson. Johnson petitions for review of the BIA's decision and asserts that this Court has jurisdiction under INA § 242(a)(1), codified at 8 U.S.C. § 1252(a)(1).

Under the INA, discretionary denials of relief are not subject to judicial review:

> Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

*See* 8 U.S.C. § 1252(a)(2)(B)(ii), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). The "subchapter" in question is Subchapter II in Chapter 12 of Title 8 of the United States Code, which includes 8 U.S.C.

3

§ 1151 through § 1381. INA § 212(c), formerly found at 8 U.S.C. § 1182(c), fell within the subchapter and stated that any decision to grant relief under this provision was within "the discretion of the Attorney General." Thus, § 1252(a)(2)(B)(ii) establishes that courts lack jurisdiction over § 212(c) decisions unless they fall within the exception created by 8 U.S.C. § 1252(a)(2)(D) for review of constitutional claims or questions of law. *See Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir. 2006).

Johnson argues that we have jurisdiction to review the BIA's decision because the BIA reversed the IJ "as a matter of law" when it rejected the IJ's conclusion that Johnson had failed to show "outstanding and unusual equities." Johnson argues that by proceeding to balance the equities itself instead of remanding the matter to the IJ, the BIA exceeded its authority and usurped the IJ's fact-finding role. Because the BIA's action went beyond mere review of the IJ's discretionary decision, Johnson claims, the INA's limitation on judicial review of discretionary decisions does not apply.

We conclude that the BIA's decision was no more than an exercise of discretion. Johnson fails to show that the BIA engaged in improper fact-finding. All of the facts that the BIA cites—e.g., that Johnson's last arrest took place while he was on probation, that he was placed into administrative segregation during his incarceration, and that he failed to register for Selective Service—come directly from the IJ's decision of July 21, 2006. Johnson confuses fact-finding with balancing of equities when he asserts that the BIA "did not have the right to engage in that weighing [of equities] at all pursuant to 8 C.F.R. § 1003.1(d)(3)(iv) (2006)." In fact, 8 C.F.R. § 1003.1(d)(3)(iv) states that the BIA may

4

not "engage in factfinding in the course of deciding appeals." It says nothing about balancing of equities, which is allowed under 8 C.F.R.§ 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo.").

Moreover, Johnson presents no authority for the proposition that, despite the jurisdictional restrictions imposed by § 1252(a)(2), courts can review BIA decisions merely because they engage in *de novo* balancing of the equities. In fact, several decisions in other circuits have explicitly held the opposite. *See, e.g.*, *Cruz-Camey v. Gonzales*, 504 F.3d 28, 29 (1st Cir. 2007) (holding that no jurisdiction exists to review "the manner in which the BIA balanced the various positive and negative factors which typically inform the exercise of its discretion under § 1229b(a)"); *Wallace v. Gonzales*, 463 F.3d 135, 140–41 (2d Cir. 2006) (holding that no jurisdiction exists to review BIA's reversal of IJ's discretionary determination and that "a review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants an adjustment of status into improper factfinding"); *Delgado-Reyuna v. Gonzales*, 450 F.3d 596, 599–600 (5th Cir. 2006) (holding that no jurisdiction exists to review a claim that "the BIA improperly conducted *de novo* review, rather than reviewing the IJ's decision for clear error, when it reweighed the facts relevant to the grant of discretionary relief."). Johnson has not presented any reason for us to hold otherwise. He has not demonstrated that the BIA's weighing of the equities presents any question of law that would allow us to review its decision under § 1252(a)(2)(D).

Johnson presents a purportedly separate argument that it was a violation of due process for the BIA to engage in *de novo* balancing of the equities instead of remanding the matter to the IJ. We have jurisdiction to review colorable due process claims because § 1252(a)(2)(D) explicitly allows judicial review of constitutional claims and questions of law. Because relief under § 212(c) is purely discretionary, however, Johnson cannot show that he has been deprived of a protected liberty or property interest. As we stated in *Hernandez v. Gonzales*, "[a]liens who seek only discretionary relief from deportation have no constitutional right to receive that relief." 437 F.3d 341, 346 (3d Cir. 2006). Moreover, we have held that in asylum proceedings, due process entitles an alien to no more than: 1) fact-finding based on a record produced before the decisionmaker and disclosed to the alien, 2) the ability to make arguments on his or her behalf, and 3) the right to an individualized determination of his or her interests. *See Mudric v. Attorney General*, 469 F.3d 94, 100 (3d Cir. 2006) (citing *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001)). Johnson presents no serious argument that he has been deprived of any of these things. He suggests that he did not receive a full hearing because the IJ never completed its analysis after its determination regarding "unusual or outstanding equities" and because the BIA never provided a "reasoned explanation as to why Mr. Johnson's convictions outweighed all of the equities." He never explains why the BIA's explanation falls short of a "reasoned" one or, more importantly, how it fails to satisfy any due process requirement. Thus, even assuming *arguendo* that Johnson had an interest protected by due process, he has not presented a colorable due process claim that would

6

provide us with jurisdiction under § 1252(a)(2)(D).

In sum, 8 U.S.C. § 1252(a)(2)(B)(ii) deprives us of jurisdiction to entertain Johnson's petition, and Johnson has not shown that any exception applies. Accordingly, we will grant the Attorney General's motion to dismiss for lack of jurisdiction.