NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4114
_____

FELIX ANTONIO BLANCO MARTE,
                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-848-362)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2011

Before:  BARRY, JORDAN AND GARTH, Circuit Judges

(Opinion filed: March 15, 2011)
_____

OPINION
_____

PER CURIAM

        Felix Antonio Blanco Marte, a citizen of the Dominican Republic, was admitted to

the United States in 1992, as a lawful permanent resident.  In August 2009, Blanco Marte

1

was sentenced in New Jersey state court for two separate stalking convictions.[1] See

N.J.S.A. §§ 2C:12-10(b), (c), (d).  The Government later charged Blanco Marte with

being removable as an alien who has been convicted of two moral turpitude crimes not

arising out of a single scheme of criminal misconduct.  See Immigration and Nationality

Act ("INA") § 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)].  He conceded the charge

and applied for cancellation of removal pursuant to INA § 240A [8 U.S.C. §1229b].

Under that provision, the Attorney General may, in his discretion, cancel the removal of

an alien who (1) has been lawfully admitted for permanent residence for not less than five

years, (2) has continuously resided in the United States in any status for seven years, and

(3) has not been convicted of an aggravated felony.  INA § 240A(a).  Importantly, the

alien must also establish that he warrants relief as a matter of discretion.  See Matter of

C-V-T-, 22 I. & N. Dec. 7, 11 (BIA 1998) (noting that the IJ must "balance the adverse

factors evidencing the alien's undesirability as a permanent resident with the social and

humane considerations presented in his (or her) behalf to determine whether the granting

of . . . relief appears in the best interest of this country." (internal quotations omitted)).

The IJ found that Blanco Marte was statutorily ineligible for cancellation because

his convictions constituted aggravated felonies.  In the alternative, the IJ found that even

---

[1] In November 2007, Blanco Marte pleaded guilty in New Jersey state court to fourth-degree stalking.  See N.J.S.A. § 2C:12-10(b).  He was sentenced to probation.  Blanco Marte continued to engage in similar behavior, however, and pleaded guilty in June 2009 to stalking the same victim in violation of an existing court order prohibiting the behavior, a third-degree offense.  See N.J.S.A. §§ 2C:12-10(c) & (d).  In August 2009, he was sentenced to 18 months of imprisonment for the initial offense, and to 3 years of

if Blanco Marte was statutorily eligible for cancellation, the "significant negative factors militate against a favorable exercise of discretion in this case." Those factors included Blanco Marte's two stalking convictions, an additional conviction and pending charge for "Driving Under the Influence," his lack of compassion for the stalking victim, and his failure to seek counseling to address issues of "anger management and alcohol." Blanco Marte appealed, arguing that the IJ erred in denying his application for cancellation of removal by "focus[ing] on [a] marginal issue" and by applying "an incorrect legal standard." He also contended that the IJ abused her discretion by not granting a continuance so he could pursue post-conviction relief. The Board of Immigration Appeals ("BIA") dismissed the appeal, agreeing that Blanco Marte was not eligible for cancellation of removal and that, in any event, the IJ correctly denied cancellation as a matter of discretion. In particular, the BIA noted that the IJ had properly balanced Blanco Marte's "length of residence, employment history, family ties, and potential hardship in the Dominican Republic . . . against his lack of clear-cut rehabilitation and the repeated criminal actions." The Board noted that Blanco Marte had not asked the IJ for a continuance, and rejected his request for a stay of his appeal while he pursued collateral relief in the New Jersey courts. Blanco Marte filed a timely petition for review.

The Government argues that we lack jurisdiction to hear Blanco Marte's claims because he is a criminal alien who seeks review of an order denying cancellation of removal in the exercise of discretion. We generally do not have jurisdiction to review

imprisonment for the subsequent offense, to be served concurrently.

final orders of removal against aliens, like Blanco Marte, who are deemed removable because they were convicted of two crimes involving moral turpitude. See INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] (precluding jurisdiction where alien is removable pursuant to § 237(a)(2)(A)(ii)). In addition, we lack jurisdiction to review purely discretionary decisions, see INA § 242(a)(2)(B)(ii) [8 U.S.C. § 1252(a)(2)(B)(ii)], such as the "manner in which the BIA balanced the various positive and negative factors which typically inform the exercise of its discretion under" INA § 240A. Cruz-Camey v. Gonzales, 504 F.3d 28, 29 (1st Cir. 2007). Despite these jurisdiction-stripping provisions, we may review "constitutional claims and questions of law presented in petitions for review of final removal orders." Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005) (citing INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]).

In his petition for review, Blanco Marte suggests that he qualifies for cancellation of removal because he was not convicted of an aggravated felony. Whether Blanco Marte's stalking convictions qualify as an aggravated felony is a legal question which we have jurisdiction to review. See Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007). Even if such a challenge was successful, however, we lack jurisdiction to review the alternative determination that Blanco Marte did not deserve cancellation of removal as an exercise of discretion. See Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003). Furthermore, although we may consider whether the Board, in exercising its discretion, violated a rule of law or a provision of the Constitution, Blanco Marte has not raised any such allegations. See Chen v. Dep't of Justice, 471 F.3d 315, 329 (2d Cir.

4

2006) (holding that a petition raises a question of law when it alleges a "fact-finding which is flawed by an error of law" or an "abuse of discretion" that is "based on a legally erroneous standard").

Blanco Marte also claims that he "received an unfair hearing and was deprived of his due process right[]s pursuant to the Fifth Amendment of the [C]onstitution because of the [IJ's] decision to deny the motion for a continuance." The Board properly concluded, however, that Blanco Marte never requested a continuance in Immigration Court. The BIA also denied Blanco Marte's request to stay his appeal "while a New Jersey court considers vacating his convictions,"finding that he failed to demonstrate good cause. To the extent that we have jurisdiction to review this determination, see Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010) (holding that criminal alien's argument that "the IJ abused its discretion by not granting her a continuance does not present a constitutional claim or issue of law that this court has jurisdiction to consider."), we conclude that the Board did not abuse its discretion. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008) (holding that the pendency of post-conviction motion does not negate the finality of convictions for immigration removal purposes).

For the foregoing reasons, we will grant the Government's motion to dismiss in part and deny the petition for review in part. Blanco Marte's motion for appointment of counsel is denied.