**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3847
_____

JAVIER EMMANUEL DE LA CRUZ VARGAS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A045-026-366)
Immigration Judge:  Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2013
Before:  JORDAN, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 07, 2013)
_____

OPINION
_____

PER CURIAM

Appellant, Javier De La Cruz Vargas, a national of the Dominican Republic,

seeks review of an order of the Board of Immigration Appeals (BIA) denying his

1

application for cancellation of removal. For the reasons that follow, we will deny in part and dismiss in part the petition for review.

In 1995, at the age of five, Vargas was admitted to the United States as a lawful permanent resident (LPR). In 2010, he was convicted in Pennsylvania for possession with intent to deliver a controlled substance in violation of 35 Pa. Stat. Ann. § 780-113(a)(30). As a result, he was charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(B) ("illicit trafficking in a controlled substance"), and 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance violation.

Vargas, proceeding pro se, challenged the aggravated felony charge and filed an application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a).[1] The Immigration Judge (IJ) found that the government had not met its burden with respect to the aggravated felony conviction, but had established Vargas was removable for a controlled substance violation. The IJ eventually determined that Vargas' conviction did not qualify as an aggravated felony, and that he was both eligible for and merited discretionary relief. On appeal, the Board declined to address the propriety of the IJ's determination regarding Vargas' eligibility for cancellation of removal, finding that Vargas had failed to show that his positive equities outweighed his ongoing criminal

---

[1] Pursuant to 28 U.S.C. § 1229b(a), the Attorney General may exercise his discretion to cancel removal if the alien meets his burden to establish he is eligible for cancellation of removal. See Pareja v. Att'y Gen. of U.S., 615 F.3d 180, 186 (3d Cir. 2010).

activities such that discretion should be exercised in his favor.  See In re Sotelo-Sotelo, 23 I. & N. Dec. 201, 203 (BIA 2001) (noting that, in determining eligibility for cancellation of removal, it must "balance the positive and adverse matters to determine whether discretion should be favorably exercised") (citation omitted).  It therefore reversed the IJ's order and denied the application for cancellation of removal as a matter of discretion.  Vargas has timely petitioned for review.[2]

We must first address the government's argument that we lack jurisdiction to entertain the petition for review because Vargas challenges the Board's discretionary decision to deny cancellation.  We lack jurisdiction over petitions for review challenging the Board's discretionary determinations, including cancellation of removal.  See 8 U.S.C. § 1252(a)(2)(B).  We nevertheless retain jurisdiction over constitutional claims and questions of law pursuant to 8 U.S.C. § 1252(a)(2)(D).  "Our jurisdiction in that respect is 'narrowly circumscribed' in that it is limited to 'colorable claims or questions of law.'"  Pareja, 615 F.3d at 186.  A claim is not "colorable" if "it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."  Id. (citation omitted).

Vargas presents two primary issues on appeal.  We will address our jurisdiction over each issue separately.  See id. at 187 (citation omitted).

---

[2]  While the petition was pending, the Board denied Vargas' motion for reconsideration. Vargas did not file a petition for review of that decision, so it is not before us.

Vargas first claims that the Board failed to defer to the IJ's factfinding and instead engaged in impermissible factfinding in determining he was ineligible for discretionary relief. The BIA may not reverse an IJ's factual findings unless they are clearly erroneous, 8 C.F.R. § 1003.1(d)(3)(i), and may not engage in its own factfinding in the course of deciding the appeal. 8 C.F.R. § 1003.1(d)(3)(iv). We have jurisdiction under § 1252(a)(2)(D) to review a claim that the BIA violated its own regulations by engaging in impermissible factfinding. See Chen v. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006) (holding that a petition raises a question of law when it alleges a "fact-finding which is flawed by an error of law" or an "abuse of discretion" that is "based on a legally erroneous standard").

Vargas maintains that the Board made improper findings with respect to his criminal history. First, he argues that the Board improperly found that he had "failed to present any documentary evidence to support his limited role in his most recent crime." We need not address the propriety of this finding because the Board specifically stated that, "even if his role was limited," Vargas was not entitled to discretionary relief.

Next, Vargas argues that the Board's findings that he had been involved in a "pattern of criminal activities" which lasted "for much of his life here" and "only ended when he was taken into custody" are contrary to the IJ's findings "regarding the breadth and chronology of his criminal history." The BIA reviews de novo whether the IJ's decision to grant discretionary relief was warranted based on the record, see 8 C.F.R. §

4

1003.1(d)(3)(ii), and the BIA permissibly did so here.  With respect to his criminal history, the IJ noted that he had been arrested twice for possession of marijuana and convicted once for possession with intent to sell marijuana; he also noted that Vargas was only 15 when he began to sell marijuana.  The BIA echoed the IJ's findings. It noted his criminal offense history,[3] including the fact that he had "admitted to selling marijuana, starting at a young age."  Its characterization of the criminal history as a "pattern of criminal activities" is merely an assessment of the facts established in the record and does not constitute improper factfinding.  The fact that the IJ emphasized Vargas' immaturity and that he was "not a hardcore trafficker," while the BIA emphasized his "criminal activities" and that "any sale of drugs is highly serious," is a matter of discretion, not factfinding.  See Wallace v. Gonzales, 463 F.3d 135, 141 (2d Cir. 2006) (per curiam) ("[A] review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants [relief] into improper factfinding.").

Vargas' second claim, that the BIA gave insufficient consideration and weight to certain discretionary factors in denying cancellation of removal, does not raise a colorable claim for review.  The BIA's decision makes clear that it balanced the equities pursuant to In re Marin, 16 I. & N. Dec. 581 (BIA 1978), including the "significant positive factors" which it noted weighed in support of the application.  See Tipu v. INS,

---

[3]  There is no support for Vargas' contention that the Board impermissibly determined he had a "series of convictions."  Albeit inexact, the phrase referred to the same criminal

20 F.3d 580, 583 (3d Cir. 1994) (endorsing the Marin approach). It properly considered established facts weighing against Vargas, such as his minimal work history and his children's reliance on public assistance. See Yusupov v. Att'y Gen. of U.S., 650 F.3d 968, 980 (3d Cir. 2011) (the BIA may evaluate evidence established in the record which the IJ may not have taken into account). There is no indication that the BIA failed to consider evidence which was material to Vargas' application. See, e.g., Escobar v. Holder, 657 F.3d 537, 544 (7th Cir. 2011) ("Even though our review is deferential, the [Board] may not simply overlook evidence in the record that supports the applicant's case." (internal quotations and citation omitted)). The BIA's decision, which was adequately explained and supported by the record, is purely an exercise of discretion which we lack jurisdiction to review. See Cruz-Camey v. Gonzales, 504 F.3d 28, 29 (1st Cir. 2007) (holding that no jurisdiction exists to review the manner in which the BIA balanced the various positive and negative factors which typically inform the exercise of its discretion under § 1229b(a)); Delgado-Reynua v. Gonzales, 450 F.3d 596, 599-600 (5th Cir. 2006) (holding that no jurisdiction exists to review a claim that "the BIA improperly conducted de novo review, rather than reviewing the IJ's decision for clear error, when it reweighed the facts relevant to the grant of discretionary relief").[4]

history that the IJ had noted, including the two New York arrests and the Pennsylvania conviction. Notably, the IJ also referred to the two New York arrests as "convictions."

[4] Vargas testified at the hearing that his parents both lived in the United States, but were in the Dominican Republic at the time of the hearing. As part of this claim, Vargas argues that the BIA improperly found that he had "familial connections to the Dominican

Based on the foregoing, we will deny the petition for review to the extent it raises any questions of law and dismiss it to the extent it challenges the discretionary determination of the BIA.

---

Republic in the form of his parents," and weighed it against him. This misreads the BIA's opinion, which concluded that he had family ties there and that his parents were there at the time of the hearing: "Although he is close with his sisters in the United States, he also has family ties in the Dominican Republic where both of his parents were at the time of the hearing." Significantly, Vargas does not challenge the BIA's conclusion that he had *any* ties to the Dominican Republic.