# United States Court of Appeals
## For the First Circuit

No. 18-1243

CARLOS M. RIVERA,

Petitioner,

v.

JEFFERSON B. SESSIONS, III,
ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Selya, and Lipez,
Circuit Judges.

Sameer H. Hasan and Hasan Law Group PLLC on brief for petitioner.

Lisa M. Damiano, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Chad A. Readler, Acting Assistant Attorney General, Civil Division, and Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

September 6, 2018

**LYNCH**, **Circuit Judge**.  Carlos M. Rivera, a native and citizen of Guatemala who entered the United States illegally in 1992, seeks review of a February 2018 Board of Immigration Appeals (BIA) final decision denying his application for cancellation of removal pursuant to section 240A(b)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229b(b)(1).[1]  An immigration judge (IJ) denied Rivera's request, in part due to the criminal charges pending against Rivera of child molestation of his ex-wife's then-twelve-year-old granddaughter.  The BIA affirmed the IJ and dismissed the appeal on the bases that Rivera had failed to demonstrate exceptional and extremely unusual hardship to a qualifying relative, and also that he did not establish that he warranted cancellation of removal as a matter of discretion.  That is the order now before us.  We dismiss Rivera's petition for lack of jurisdiction over his attacks on the BIA's decision.

I.

We give more details on the background facts.  Rivera last entered the United States without admission or inspection in 1992.

---

[1]   Rivera had entered the United States without inspection in 1992, and an immigration judge issued an order of removal in 2012, which the BIA affirmed.  Rivera voluntarily dismissed an appeal to this court.  For reasons explained below, Rivera was heard on an application for cancellation of removal in 2017, which was denied.

A.    Prior Proceedings

In January 2008, the U.S. Department of Homeland Security (DHS) served Rivera with a Notice to Appear in removal proceedings. At a hearing before an IJ in May 2012, Rivera conceded removability, but sought cancellation of removal pursuant to INA § 240A(b)(1) and the Nicaraguan Adjustment and Central American Relief Act of 1997 (NACARA), Pub. L. No. 105-100, §§ 201-204, 111 Stat. 2160, 2196-2201 (codified as amended in scattered sections of 8 U.S.C.). In the alternative, Rivera sought voluntary departure. Rivera and his former wife had applied for relief and listed their then-minor daughter, Jackelyn, who is a U.S. citizen, as the qualifying relative.

The IJ denied Rivera's application in July 2012.[2] The BIA found no error on Rivera's appeal of that decision. In April 2015, Rivera filed a motion before the BIA to reopen and remand the proceedings, arguing ineffective assistance of his counsel.

---

[2]    The IJ found that Rivera was not entitled to relief under NACARA because he was unable to meet his burden of showing either that he entered the United States on or before October 1, 1990, or that he timely registered for benefits under the ABC settlement agreement. See Am. Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991); 8 C.F.R. §§ 1240.60, 1240.61(a)(1)-(2). The IJ further found that Rivera failed adequately to establish ten years of continuous physical presence for purposes of INA § 240A(b)(1). INA § 240A(b)(1)(A); 8 U.S.C. § 1229b(b)(1)(A). The IJ also denied the request for voluntary departure due to Rivera's inability to establish by clear and convincing evidence that he intended to depart the United States, and because Rivera did not have valid travel documents. INA § 240B(b)(1)(A)-(D); 8 C.F.R. § 1240.26(c).

The BIA initially denied Rivera's motion, but granted his subsequent motion to reconsider the decision in September 2015, after DHS did not file an opposition. The BIA remanded the case to the IJ for further proceedings as to Rivera's application for cancellation of removal under INA § 240A(b)(1).[3]

B.  Present Case

Rivera's updated April 2017 application under INA § 240A(b)(1) listed Marlen Castaneda, his new wife as of August 2016, as the qualifying relative (his daughter Jackelyn had turned twenty-one in the interim and no longer qualified). Rivera testified that Castaneda suffers from anxiety, depression, and problems with her back, and that she takes medication for back pain, anxiety, and cholesterol. Castaneda's testimony confirmed this, and she attributed her depression to Rivera's detention.[4] Castaneda works as a cosmetologist and drives herself to her various appointments.

Rivera has been arrested five times, in 1992, 1995, 1997, 2007, and 2016; three of the arrests resulted in dismissal of all charges. The 1992 arrest was for sexual battery, but he pleaded guilty to simple assault and battery. The 2016 arrest was for

---

[3]  Rivera also successfully moved to sever his removal proceedings from that of his wife after they divorced in May 2015.

[4]  Immigration and Customs Enforcement detained Rivera in March 2017 due to pending criminal charges of child molestation.

child molestation of Rivera's ex-wife's then-twelve-year-old granddaughter; the charges were still pending as of his hearing date before the IJ. Rivera invoked his Fifth Amendment right against self-incrimination when asked for further details relating to the 2016 arrest, so the government offered police reports relating to the incident, over Rivera's objection.

The IJ denied Rivera's application for relief under INA § 240A(b)(1) on September 6, 2017. The IJ had "misgivings" about Rivera's credibility, but declined to make an explicit adverse credibility finding. The IJ found that Rivera had failed to establish that Castaneda would suffer exceptional and extremely unusual hardship if Rivera were removed. The IJ noted that Castaneda's back problems began several years before she married Rivera, she had not required overnight hospitalization in connection with her back injuries, she did not apply for and was not receiving disability benefits, and that her anxiety and depression were not unusual for those with loved ones in similar proceedings. The IJ also found the suggestions of Castaneda's potential financial hardship to be speculative, and noted that Castaneda works and had supported herself before her recent marriage to Rivera.

The IJ additionally denied Rivera's application under INA § 240A(b)(1) as a matter of discretion. The IJ found that Rivera had several "positive equities" in his favor: he entered

- 5 -

the United States in the early 1990s, had a wife and daughter who were U.S. citizens, was active in church, worked, paid his taxes, and had no contacts in Guatemala. The IJ drew negative factors from Rivera's criminal record: the arrest in 1992 for sexual battery, for which Rivera pled guilty to simple assault and battery, and "[m]ost recently, and most seriously," the 2016 arrest for first and second degree child molestation. The IJ drew an adverse inference from Rivera's invocation of the Fifth Amendment, and concluded in light of the serious, pending charges that Rivera had not met his burden of establishing that he merited a favorable exercise of discretion.

Rivera timely appealed, and the BIA entered a four-page order affirming the IJ's decision. The BIA determined that the IJ's findings were not clearly erroneous, and that Rivera had not demonstrated that Castaneda "would suffer hardship in the aggregate substantially different from, or beyond, that which would normally be expected from removal of an alien with close family members here." The BIA further concluded that Rivera had not carried his burden of demonstrating that he merited cancellation of removal as a matter of discretion, because even when Rivera's positive factors are viewed "in the best light for [Rivera], they are outweighed by his criminal history." The BIA rejected Rivera's due process arguments, concluding that the IJ properly considered the arrest for the pending child molestation

charge, as well as the invocation of his Fifth Amendment rights. The BIA also rejected Rivera's claim that he was deprived of a fundamentally fair hearing, because the IJ provided Rivera with a meaningful opportunity to be heard. Furthermore, the BIA found no showing of prejudice, as Rivera had not demonstrated that he was unable to fully present his claim.

## II.

Courts are statutorily barred from reviewing "any judgment regarding the granting of relief under section . . . 1229b," the cancellation of removal provision, unless the petition raises "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); see Castro v. Holder, 727 F.3d 125, 128 (1st Cir. 2013); Santana-Medina v. Holder, 616 F.3d 49, 52 (1st Cir. 2010). "A bare allegation of either a constitutional shortfall or legal error" will not suffice, however. Ayeni v. Holder, 617 F.3d 67, 71 (1st Cir. 2010). To confer jurisdiction, "the claim of constitutional or legal error must at least be colorable." Id.

No colorable legal or constitutional claim is stated. Rivera argues that there is legal error, positing that the BIA failed to follow its own precedent. He relies on Matter of Monreal-Aguinaga, 23 I&N Dec. 56 (BIA 2001), for the proposition that the IJ should have made a "specific finding regarding the[] overall severity" of Castaneda's health issues. However, Matter

of Monreal-Aguinaga simply states that a "strong applicant <u>might</u> have a qualifying child with very serious health issues, or compelling special needs in school." <u>Id.</u> at 63 (emphasis added). Rivera misreads that decision, which does not require a specific finding as to the overall severity of a qualifying relative's health issues. <u>See generally</u> <u>id.</u> <u>Matter of Monreal-Aguinaga</u> only requires that "all hardship factors [be] considered in the aggregate when assessing exceptional and extremely unusual hardship."[5] <u>Id.</u> at 64.

Rivera's argument, in reality, concerns the "relative evidentiary weight or level of detail accorded to specific facts in the agency's hardship determination," so we may not consider it. <u>Alvarado</u> v. <u>Holder</u>, 743 F.3d 271, 275 (1st Cir. 2014). A petitioner "cannot 'transform an unreviewable issue of fact into a reviewable issue of law' by the simple expedient of cloaking what is essentially a factual claim in the raiment of constitutional or legal error." <u>Ramirez-Matias</u> v. <u>Holder</u>, 778 F.3d 322, 326 (1st Cir. 2015) (citing <u>Alvarado</u>, 743 F.3d at 275).

Rivera also argues that there was constitutional due process error. That claim, too, is not colorable. Rivera challenges as a denial of due process the admission of the police

---

[5] In any event, the IJ both considered all of Castaneda's health problems cumulatively, and explained the reasons for finding them insufficient.

report detailing the pending child molestation charges, the adverse inference drawn from Rivera's invocation of his Fifth Amendment rights with regard to those charges, and the denial of his request to continue proceedings until the charges were resolved.

Rivera's mere "invocation of the Due Process Clause does not create a constitutional claim for the purpose of 8 U.S.C. § 1252(a)(2)(D)." Cruz-Orellana v. Sessions, 878 F.3d 1, 5 (1st Cir. 2017). The BIA found that Rivera had had a fair hearing and there was no violation of due process. A claim of deprivation of due process requires that a "'cognizable liberty or property interest be at stake.'" Kandamar v. Gonzales, 464 F.3d 65, 69 (1st Cir. 2006) (quoting DaCosta v. Gonzales, 449 F.3d 45, 50 (1st Cir. 2006)). Rivera cannot demonstrate that he has a protected liberty interest here, as we have already held that "[d]iscretionary forms of relief do 'not rise to the level of such a protected interest.'" Id. (quoting DaCosta, 449 F.3d at 50).

And even if there were a protected interest at stake, none of Rivera's arguments even colorably raise a due process claim under our cases. The police report was admissible and, in any event, Rivera's witnesses established the key facts. See Cruz-Orellana, 878 F.3d at 5 (rejecting argument that IJ violated petitioner's due process rights "by relying on a police report that contained hearsay in denying him voluntary departure as a

- 9 -

matter of discretion").  The drawing of an adverse inference was not even arguably a due process violation.  See Garcia-Aguilar v. Lynch, 806 F.3d 671, 676 (1st Cir. 2015) (noting that "an IJ may draw an adverse inference from an alien's invocation of the Fifth Amendment during removal proceedings," and that the IJ was permitted to conclude that petitioner's silence corroborated certain documentation).  The argument regarding denial of a further continuance to await the outcome of the criminal proceedings is even weaker.  See Amouri v. Holder, 572 F.3d 29, 36 (1st Cir. 2009) ("The grant or denial of a continuance rests largely in the discretion of the [IJ].  While that authority must be exercised judiciously and with an eye toward fundamental fairness, even the arbitrary denial of a continuance cannot sink to the level of a due process violation unless it results in actual prejudice." (citation omitted)).[6]

Moreover, "before a petitioner in an immigration case may advance a procedural due process claim, he must allege some cognizable prejudice fairly attributable to the challenged process."  Lattab v. Ashcroft, 384 F.3d 8, 20 (1st Cir. 2004).

---

[6]     Indeed, Rivera may have benefitted from the denial of a continuance.  The respondent tells us that in June 2018, Rivera was convicted in Rhode Island of one count of first degree child molestation and two counts of second degree child molestation. See Amouri, 572 F.3d at 36 ("'A court will find such prejudice only when it is shown that an abridgement of due process is likely to have affected the outcome of the proceedings.'" (quoting Pulisir v. Mukasey, 524 F.3d 302, 311 (1st Cir. 2008))).

Rivera has made no such showing here.  Accordingly, there is no jurisdiction over these claims.  See id.; Alvarado, 743 F.3d at 275.

### III.

For the reasons set forth above, Rivera's petition for review is dismissed for lack of jurisdiction.