# United States Court of Appeals
## For the First Circuit

No. 18-2026

ARNULFO PEREZ,

Petitioner,

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, <u>Chief Judge</u>,
Thompson and Barron, <u>Circuit Judges</u>.

<u>Carlos E. Estrada</u>, <u>Ashley M. Barkoudah</u>, and <u>Estrada Law Office</u>, on brief for petitioner.
<u>Joseph H. Hunt</u>, Assistant Attorney General, Civil Division, <u>Kiley Kane</u>, Senior Litigation Counsel, Office of Immigration Litigation, and <u>Katherine A. Smith</u>, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

June 12, 2019

**BARRON**, **Circuit Judge**. Arnulfo Perez, a citizen of Mexico who entered the United States without admission or parole, petitions for review of the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b). We dismiss the petition for lack of jurisdiction.

## I.

On April 17, 2012, the Department of Homeland Security served Perez with a Notice to Appear and charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Perez conceded removability but filed an application for cancellation of removal under 8 U.S.C. § 1229b(b). Perez claimed in his application that he had lived in the United States since 1986 and that his removal would cause undue hardship to his children, who are United States citizens.

An Immigration Judge ("IJ") held a hearing on Perez's application on August 29, 2016. Perez and his wife, Jennifer Lavalley, testified at the hearing in support of his application and submitted numerous documents. The government, for its part, also submitted documents. Those documents showed that Perez had two prior felony convictions -- one in 1994 for drunk driving and one in 2000 for assault -- as well as four prior arrests. The documents included a 2006 police report that showed that Perez had been arrested on charges of, among other things, aggravated assault and battery for allegedly assaulting Lavalley and a 2012 police

report that showed that Perez had been arrested on charges of, among other things, assault and attempted murder for allegedly attempting to strangle Lavalley.

On September 6, 2017, the IJ issued a 32-page written decision denying Perez's application. The IJ "assum[ed] arguendo" that Perez met the statutory requirements for cancellation of removal, see 8 U.S.C. § 1229b(b)(1), but found "that [Perez] has not met his burden of proving that he merits this form of relief as a matter of discretion." The IJ concluded that Perez's "positive equities" -- most significantly, hardship to his family -- "are outweighed by significant adverse factors" -- specifically, "his history of physical abuse against his wife" as well as "the inconsistencies in [Perez's] and [Lavalley's] testimony[] and [his] lack of remorse or rehabilitation." The IJ also concluded that Perez "failed to provide adequate evidence to meet his burden of proof" in part because the Lavalley family, whom both police reports showed "ha[d] played an important role in fully reporting [Perez's] abusive behavior to the police," "have been largely absent from these proceedings." Perez timely appealed the IJ's denial of his application for cancellation of removal to the Board of Immigration Appeals ("BIA").

On September 20, 2018, the BIA "adopt[ed] and affirm[ed] the decision of the Immigration Judge for the reasons stated

- 3 -

therein." The BIA also rejected Perez's argument that "the Immigration Judge improperly relied on the police reports as they are unreliable and their use was fundamentally unfair." The BIA concluded that "the evidence is probative, as it is relevant to the issue of the respondent's discretionary application for relief, and its admission is fundamentally fair as the documents were created by government officials and there is no indication of bias or that their contents are unreliable." Perez then filed this petition for review.

## II.

We lack jurisdiction to review "any judgment regarding the granting of relief under [8 U.S.C. § 1229b]." 8 U.S.C. § 1252(a)(2)(B)(i); see also Rivera v. Sessions, 903 F.3d 147, 150 (1st Cir. 2018); Cruz-Camey v. Gonzales, 504 F.3d 28, 29 (1st Cir. 2007). But, although we may not review the discretionary decision that an applicant does not merit the requested relief, we retain jurisdiction with respect to a denial of such relief to "review . . . constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D); see also Castro v. Holder, 727 F.3d 125, 128 (1st Cir. 2013); Santana-Medina v. Holder, 616 F.3d 49, 52 (1st Cir. 2010). "[T]o confer jurisdiction," however, the petitioner's "'claim of constitutional or legal error must at least be colorable.'" Rivera, 903 F.3d at

- 4 -

150 (emphasis added) (quoting <u>Ayeni</u> v. <u>Holder</u>, 617 F.3d 67, 71 (1st Cir. 2010)).

Perez's sole legal claim to us is that the BIA erred in adopting and affirming the IJ's decision because the IJ "relied almost exclusively on hearsay police reports in determining that [Perez] did not warrant a favorable exercise of discretion." To the extent that Perez means to contend that the BIA erred because the IJ's findings gave too much weight to the police reports and not enough weight to his and Lavalley's testimony, "well settled First Circuit precedent" is clear that such a "challenge[] [to] a determination about the sufficiency of the evidence to meet [the applicant's] burden of proof" is not a "colorable legal or constitutional claim." <u>Fabian-Soriano</u> v. <u>Barr</u>, No. 18-2052, 2019 WL 2314383, at *3 (1st Cir. May 31, 2019) (citing <u>Ayeni</u>, 617 F.3d at 70-71; <u>Conteh</u> v. <u>Gonzales</u>, 461 F.3d 45, 63 (1st Cir. 2006); <u>Elysee</u> v. <u>Gonzales</u>, 437 F.3d 221, 223-24 (1st Cir. 2006); <u>Rashad</u> v. <u>Mukasey</u>, 554 F.3d 1, 5 (1st Cir. 2009)); <u>see also</u> <u>Lima</u> v. <u>Lynch</u>, 826 F.3d 606, 610 (1st Cir. 2016) (finding no colorable claim in the applicant's contention that "the IJ should not have found . . . police reports credible and should instead have credited his own testimony").

To the extent that Perez means to argue that it was legal error for the BIA to adopt the IJ's findings because the police reports on which they were based constituted hearsay, that

- 5 -

argument also fails to raise a colorable claim under our established precedent.  See Arias-Minaya v. Holder, 779 F.3d 49, 54 (1st Cir. 2015) ("[I]n reviewing requests for discretionary relief, immigration courts may consider police reports even when they rest largely on hearsay." (citing Henry v. I.N.S., 74 F.3d 1, 6 (1st Cir. 1996))); Matter of Grijalva, 19 I. & N. Dec. 713, 721 (B.I.A. 1988) ("Although . . . police reports here are hearsay in nature, this does not mean that they are inadmissible in the respondent's deportation proceedings."); Matter of Velasquez, 19 I. & N. Dec. 377, 380 (B.I.A. 1986) ("[D]ocumentary evidence in deportation proceedings need not comport with the strict judicial rules of evidence.").

Perez does contend that the police reports should not have been relied upon because they documented arrests that did not result in convictions, and he points to Sierra-Reyes v. I.N.S., 585 F.2d 762 (5th Cir. 1978), in support of that contention.  See id. at 764 n.3 (noting in dicta that certain "police reports were not probative of anything and should not have been considered as 'adverse factors'" where the "Petitioner was never prosecuted for these alleged crimes, apparently because the prosecuting authorities decided that they had insufficient evidence to prosecute").  But, we have "previously held that an immigration court may generally consider a police report containing hearsay when making a discretionary immigration decision, even if an arrest

did not result in a charge or conviction, because the report casts probative light on an alien's character."  Mele v. Lynch, 798 F.3d 30, 32 (1st Cir. 2015) (emphasis added) (citing Henry, 74 F.3d at 6; Arias-Minaya, 779 F.3d at 54).  Here, too, Perez fails to make out any colorable legal claim.

Finally, Perez notes, rightly, that an immigration judge should generally "take[] into account and weigh[]" "the nature of [the applicant's] contacts [with the criminal justice system] and the stage to which those proceedings have progressed."  Matter of Thomas, 21 I. & N. Dec. 20, 24 (B.I.A. 1995).  But, Perez points to nothing in the record that would indicate that the IJ did not do so here, such that we could conclude that Perez has made a colorable claim that it was error for the BIA to have adopted the IJ's findings.

## III.

For the foregoing reasons, the petition for review is dismissed.